**In the Matter of SIESTA SANDS DEVELOPMENT CORP., Debtor.**

**Bankruptcy No. 84–17.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 19, 1987.

A. Dennis Pelaez, Tampa, Fla., for debtor.

Jeffrey Warren, Tampa, Fla., for Kalin.

Charles Ketchey, Tampa, Fla., for M. Jay Lancer.

Malka Isaak, Tampa, Fla., for Corneau Development.

Robert Soriano, Tampa, Fla., for Caribank Mortg. Corp.

ORDER ON MOTION TO DISMISS AND ORDER ON OBJECTION TO A LIMITED PORTION OF THE JOINT STIPULATION AND ORDER APPROVING JOINT STIPULATION IN AGREEMENT AND SETTLEMENT OF CONTROVERSY

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are an Objection to a Limited Portion of the Joint Stipulation and Order Approving Joint Stipulation in Agreement and Settlement of Controversy, filed by M. Jay Lancer and Lancer and Landroff, P.A. (Lancer), former counsel of record for Siesta Sands Development Corporation, the Debtor of the above-captioned Chapter 11 case (Debtor), and a Motion to Dismiss the Application for Allowance of Attorneys' Fees of Lancer, filed by the Debtor.

The Motion to Dismiss is actually an objection to the Application for Allowance of Attorney's Fees of Lancer, and the Motion raises the pure legal question of whether the Order of Confirmation entered June 18, 1986 discharged the Debtor's obligation to pay Lancer attorney fees for his services to the Debtor during the pendency of the case because Lancer did not file a fee application prior to the entry of the Order of Confirmation. Inasmuch as the Motion to Dismiss raises a threshold issue, it is appropriate to consider that Motion first.

The Debtor urges that because Lancer did not file a fee application before the bar date fixed by this Court prior to confirmation, Lancer is barred by the Order of Confirmation to seek attorney fees at this time. While this proposition may have merit, the bar date is not etched in stone and under appropriate circumstances may be extended upon application, and may be considered even after the confirmation of a plan. Therefore the ruling on the Motion to Dismiss shall be denied and the objection it raises to the Application for Allowance of Attorney's Fees shall be overruled without prejudice.

Because the Application for Allowance of Attorney's Fees is a contested matter, it appears to be appropriate to apply Part VII of the Bankruptcy Rules to this matter and allow the Debtor to file a response to the application.

This leads to the second matter under consideration, the Objection to a Limited Portion of the Joint Stipulation and Order Approving Joint Stipulation in Agreement and Settlement of Controversy. Lancer objects to a previous order of this Court which approved a Joint Stipulation and Agreement in Settlement of Controversy entered on February 10, 1987. The stipulation settled a controversy between the Debtor and certain creditors who had claims against a parcel of real property owned by the Debtor and which had been sold by the Debtor pursuant to an order entered by this Court on June 2, 1986. Lancer objects to the portion of the stipulation which provides for the transfer of the Debtor's interest in certain timeshare contracts on the basis that the timeshare contracts constitute the only remaining assets from which the Debtor will be able to pay administrative claims.

According to Lancer, if his request for attorney's fees is allowed, the proposed settlement may eliminate the only fund from which Lancer can get paid. Although Lancer does not have standing to object to the settlement of the controversy as a creditor, he does have standing to object to the settlement to the limited extent that the settlement may jeopardize the payment of any attorney's fees to which Lancer may be entitled. Therefore, it appears to be appropriate to defer ruling on this objection pending the determination of whether Lancer is entitled to any attorney fees. If Lancer is allowed attorney's fees, then this cause shall be set for hearing to determine if the settlement jeopardizes his right to payment of these fees. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the Debtor be, and the same is hereby, denied and the objection that the Motion raises to the Application for Allowance of Attorney's Fees be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED that the pre-trial conference on the Motion to Dismiss scheduled for May 15 at 1:30 p.m. be, and the same is hereby, cancelled. It is further

ORDERED, ADJUDGED AND DE-CREED that Part VII of the Bankruptcy Rules be, and the same is hereby, applied to the Application for Allowance of Attorney's Fees and the Debtor is granted leave to file a response to the Application within fifteen (15) days of the date of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that if the Debtor files a response to the Application for Attorney's Fees, this cause shall be set down for pre-trial conference. It is further

ORDERED, ADJUDGED AND DE-CREED that ruling on the Objection to a Limited Portion of the Joint Stipulation and Order Approving Joint Stipulation in Agreement and Settlement of Controversy be, and the same is hereby, deferred pending the resolution of the Application for Allowance of Attorney's Fees.